In the Matter of DEBORAH E. LORD, an Infant.

Surrogate's Court, Onondaga County, January 27, 1967.

*Mackenzie, Smith, Lewis, Michell & Hughes (George S. Sullivan* and *James H. O'Connor* of counsel), for Philip S. Lord. *Rauch, Gordon & Huffman (Perry B. Rauch* of counsel), for Samuel F. Joor, Jr.

LAURENCE D. WOOD, S. This matter came before this court for a hearing on January 24, 1967, at which time testimony of several witnesses was taken and exhibits received in evidence. From the uncontroverted testimony and the exhibits, we find that at the time Samuel Joor Jr. executed and presented to this court his petition for letters of general guardianship of the person and property of the infant Deborah Ellen Lord, the said infant resided and was in the care and custody of David Ann Joor in Manlius, New York, and not as stated in the petition with Samuel Joor, Jr. and Marion R. Joor, his wife, at 3609 Midland Avenue, Syracuse, New York. The uncontroverted testimony discloses that for more than a month prior to the execution and presentation of the petition, this infant had so resided with David and Ann Joor in Manlius, New York, and had been for such period of time in the care and custody of those persons and not the petitioner.

In the "Reply Affidavit" of Samuel F. Joor, Jr., dated December 29, 1966, Mr. Joor attempts to place the responsibility for this false statement of material fact on first, the Surrogate, and then on the law firm of Bond, Schoeneck and King which represented him at the time, with the statements that the Surrogate had been fully informed as to the facts and circumstances and that Mr. Joor had relied on the ability of the attorneys in the proper preparation of the papers relating to the application for letters of guardianship. No Surrogate can be charged with personal knowledge of all facts and circumstances of over 1,500 active guardianships under his jurisdiction, but must of necessity rely on sworn statements of fact as contained in the files. Attorney Henry McCarthy of the law firm of Bond, Schoeneck and King testified that he prepared petition of

Mr. Samuel F. Joor, Jr. for these letters of guardianship, but that in so doing he was furnished the facts by Mr. Samuel F. Joor, Jr.

Subdivision 2 of section 177 of the Surrogate's Court Act requires service of citation to show cause to the person having the care and custody of the infant or with whom he resides. There was no service of any citation on David or Ann Joor who we find were the persons with whom this infant resided and who had the care and custody of this infant. Actual or constructive knowledge of such an application is not sufficient to cure a jurisdictional defect such as we have in this proceeding.

By reason of the false statement of material fact in the petition of Mr. Samuel F. Joor, Jr. dated October 3, 1963, and the failure to serve citation in that proceeding on David and Ann Joor, the decree of this court dated October 7, 1963, appointing Samuel Joor, Jr. general guardian of the person and property of Deborah Ellen Lord is void from its inception and the letters of guardianship issued thereon to Samuel Joor, Jr. are held also to be void as of the date of their inception. The said Samuel Joor, Jr. will be ordered to forthwith deliver the custody of the infant Deborah Ellen Lord to Margaret Stafford and her husband, the persons from whom he obtained custody on June 11, 1966 and the said Samuel Joor, Jr. will be ordered to turn over forthwith to the Marine Midland Trust Company of Central New York against its receipt all of the property of the said infant, Deborah Ellen Lord, and within 10 days after service upon him of the order herein to fully account to this court for all of the property of said infant. This court will entertain thereafter the petition or petitions of any relative or relatives of this infant for appointment as guardian of the person of this infant. The said Marine Midland Trust Company of Central New York will be appointed guardian of the property of this infant.